UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROCKETT,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN WHITE,<br><br>   Respondent. | Case No. 1:21-cv-00766-HBK<br><br>ORDER STAYING ORDER DIRECTING RESPONDENT TO RESPOND TO PETITION<br><br>(Doc. No. 4)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED<br><br>(Doc. No. 1) |

  Petitioner James Rockett, a federal prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on May 10, 2021.[1] (Doc. No. 1, "Petition"). Petitioner challenges the loss of his good time credits stemming from a November 2020 disciplinary action (1074087-R1). (*Id*. at 2). On May 19, 2021, the Court ordered Respondent to respond to the Petition. (Doc. No. 4).

  Upon further review of the Petition, the Court will order Petitioner to show cause why the Petition should not be dismissed for his failure to exhaust his claims and/or as moot. The Court

---

[1] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).

will stay its previous order directing Respondent to respond to the Petition pending Petitioner's response to this order.

The Petitioner states four claims for relief and each of the claims center on one central argument: the Bureau of Prisons violated Petitioner's due process rights when it did not provide Petitioner with a copy of his incident report for assault in a timely manner, thereby causing Petitioner to lose his opportunity to timely appeal the disciplinary hearing decision. (*See generally* Doc. No. 1). On February 10, 2021, Petitioner submitted a regional administrative remedy appeal (1074082-R1), appealing the incident report he received in November 2020 for the alleged assault. (*Id*. at 9). This appeal was received by the Western Regional Office on March 24, 2021. (*Id*.). On that same day, the Western Regional Office rejected Petitioner's appeal as untimely and directed Petitioner to provide staff verification that the untimeliness of Petitioner's appeal was not his fault. (*Id*.). On May 3, 2021, the unit manager at Petitioner's prison issued a memorandum stating that the Petitioner was provided with a copy of his appeal form on that same day. (*Id*. at 12). The memorandum states that "[s]hould [Petitioner] decide to move forward in the Administrative Remedy Process, please consider [May 3, 2021] as the date used to establish a new deadline." (*Id*.).

The Court interprets the May 3, 2021 memorandum to provide Petitioner with the opportunity to submit an appeal, thereby rendering his appeal process ongoing. If this is the case, Petitioner has not demonstrated that he has exhausted his administrative remedies, as required. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."). Moreover, because Petitioner has been given a chance to file a timely appeal, his stated claim that he did not receive due process when he was prevented from filing a timely appeal is now moot. Accordingly, the Court orders Petitioner to show cause why the Petition should not be dismissed for failure to exhaust and/or as moot.

Accordingly, it is ORDERED:

1. The Court's May 19, 2021 Order directing Respondent to respond to the petition (Doc. No. 4) is stayed pending Petitioner's response to this order to show cause and further Order by this Court.
2. Within fourteen (14) days of the date of receipt of this order, Petitioner is ordered to show cause why his Petition should not be dismissed for failure to exhaust and/or as moot.

IT IS SO ORDERED.

Dated: June 4, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE