UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROCKETT, | Case No. 1:21-cv-00766-HBK |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER[1] |
| v. | |
| WARDEN WHITE, | OBJECTIONS DUE WITHIN TWENY-ONE DAYS |
| Respondent. | (Doc. No. 8) |
| | ORDER TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner James Rockett, a federal prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). Petitioner attached to his petition a pleading titled "motion requesting temporary restraining order and/or emergency stay of all sanctions pending exhaustion of administrative remedies." (*Id*. at 14-16). The Court directed the Clerk to separately docket the pleading, which the Court construes as a motion for temporary restraining order. (Doc. Nos. 7, 8). For the reasons set forth below, the undersigned recommends that the motion be denied.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

## I. BACKGROUND

Petitioner challenges on due process grounds a November 2020 disciplinary report resulting in the loss of 27 days of good time credit. (*See generally* Doc. 1). Petitioner claims that his due process rights were violated when BOP officials failed to provide Petitioner with a disciplinary report after being charged with a prison rule violation, which prevented him from filing a timely appeal. (*Id.*). On June 4, 2021, after noting that documents included in the petition included a BOP memorandum dated May 3, 2021 that appeared to permit petitioner to file an untimely appeal of his disciplinary violation, the Court ordered petitioner to show cause why the petition should not be dismissed as unexhausted or moot. (Doc. No. 9).

In support of his motion for temporary restraining order, Petitioner repeats many of the same arguments as those in his petition. (Doc. 8 at 1-2). Petitioner states that his due process rights are being violated by the BOP policy which allows sanctions to be levied against inmates while the administrative appeal process of a disciplinary hearing decision is ongoing. (*Id*. at 2). Petitioner also complains that the U.S. mail is slow, that the decision from his appeal to the regional office was delayed, that another appeal he submitted was never registered as received by the BOP, and that the BOP has no system for tracking inmates' incoming and outgoing mail. (*Id*.). Petitioner states he will suffer irreparable harm because his impending release date of July 16, 2021 will pass if the administrative process "is allowed to run its course." (*Id*.). Petitioner does not identify what relief he seeks in the motion. (*Id*. at 7).

## II. APPLICABLE LAW AND ANALYSIS

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter*, 555 U.S. at 20). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Moreover, "[b]ecause it is a threshold

inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the remaining three [*Winter* elements].'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

Here, petitioner has not shown that he is likely to succeed on the merits of his claim and therefore the court need not analyze the remaining *Winter* elements. As noted *supra*, it appears Petitioner has not exhausted his administrative remedies prior to filing the instant petition. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Petitioner's imminent release does not excuse his from satisfying the exhaustion requirement. *Roux v. California Dep't of Corr.*, No. 3:98-CV-794 CAL, 1998 WL 34366587, at *1 (N.D. Cal. Mar. 31, 1998). Nor has Petitioner alleged, yet alone, demonstrated extraordinary delay to excuse exhaustion. *Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990). To the extent Petitioner claims that the BOP's disciplinary hearing process has violated his due process rights, he has stated a cognizable habeas claim. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). However, Petitioner must meet a high threshold to show that the BOP violated his due process rights. Due process requires written notice of the charges at least twenty-four hours before the disciplinary hearing, as well as a statement of the evidence relied on by the prison officials and the reasons for the disciplinary action taken. *Id*. at 563-66. Moreover, a prison hearing officer's determination must be supported by "some evidence in the record." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985). This standard is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

Petitioner's remaining claims do not appear to be cognizable on habeas review and are therefore unlikely to succeed on the merits. Namely, Petitioner states that he disagrees with BOP policy, that the U.S. mail system and the BOP appeals process are slow, and that the BOP has no system for tracking inmates' mail. Relief on these claims would not necessarily lead to petitioner's "immediate or earlier release from confinement" and therefore are not cognizable on habeas review. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). Accordingly, because

Petitioner has not shown a likelihood of success on the merits of his claim the Court recommends that Petitioner's motion for temporary restraining order be denied.

ACCORDINGLY, the Clerk of Court is **DIRECTED** to assign this case to a District Judge for the purposes of reviewing these findings and recommendations.

Further, it is **RECOMMENDED** that petitioner's motion for temporary restraining order (Doc. No. 8) be denied.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 7, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4