UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROCKETT,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN WHITE,<br><br>    Respondent. | Case No. 1:21-cv-00766-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS UNEXHAUSTED AND MOOT<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS<br><br>(Doc. No. 1) |

Petitioner James Rockett, a federal prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on May 10, 2021. (Doc. No. 1, "Petition"). Petitioner challenges the loss of his good time credits stemming from a November 2020 disciplinary action (1074087-R1). (*Id*. at 2). On June 4, 2021, the Court ordered Petitioner to show cause why the Petition should not be dismissed as unexhausted and moot. (Doc. No. 9). On June 14, 2021, Petitioner responded to the order to show cause. (Doc. No. 12). Petitioner attaches a copy of the Discipline Hearing Officer Report (DHO Report: 3453242) related to the subject disciplinary action. (*Id*. at 5-9).

Although the Petition states four claims for relief, each centers on one central argument: the Bureau of Prisons violated Petitioner's due process rights when it did not provide Petitioner with a copy of his Discipline Hearing Officer Report finding him guilty of assault in a timely manner, thereby causing Petitioner to lose his opportunity to timely appeal the disciplinary

hearing decision. (*See generally* Doc. No. 1). After being provided with notice of the charges and hearing, and provided an opportunity to present witnesses and evidence, Petitioner was found guilty of assault and was sanctioned to a loss of 27 days of good conduct time on December 9, 2020. (Doc. No. 12 at 5-9). On February 10, 2021, Petitioner submitted a regional administrative remedy appeal (1074082-R1), appealing his finding of guilt for the November 2020 assault. (Doc. 1 at 9). This appeal was received by the Western Regional Office on March 24, 2021. (*Id.*). That same day, the Western Regional Office rejected Petitioner's appeal as untimely and directed Petitioner to provide staff verification that the untimeliness of Petitioner's appeal was not his fault. (*Id.*). On May 3, 2021, the unit manager at Petitioner's prison issued a memorandum stating that the Petitioner was provided with a copy of his appeal form on that same day. (*Id.* at 12). The memorandum states that "[s]hould [Petitioner] decide to move forward in the Administrative Remedy Process, please consider [May 3, 2021] as the date used to establish a new deadline." (*Id.*).

In his response to the Court's order to show cause, Petitioner attaches as an exhibit a new memorandum dated May 21, 2021 which states that Petitioner was provided with a copy of the Disciplinary Hearing Report on that same day. (Doc. No. 12 at 4). The memorandum states that "[s]hould [Petitioner] decide to move forward in the Decision Appeal Process, please consider [May 21, 2021] as the date used to establish a new deadline." (*Id.*).

The Court interprets the May 21, 2021 memorandum as a second extension of time to submit an appeal of his disciplinary sanction, thereby rendering his appeal process ongoing. Accordingly, Petitioner again has not demonstrated that he has exhausted his administrative remedies, as required. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court.").

Petitioner argues that he will be subject to irreparable harm if the Court requires him to exhaust his administrative remedies. (*See* Doc. No. 12 at 1-3). Petitioner states that without the sanction of 27 days loss of good conduct credit, Petitioner's release date would be on or about

July 16, 2021. (*Id.* at 2). Petitioner suggests that because the administrative appeal process will not conclude before July 16, 2021, he is foreclosed the possibility of release on that date. (*Id.*).

The Court finds that Petitioner's situation does not warrant this Court's intervention. Petitioner has been granted a second extension of his deadline to appeal the disciplinary hearing decision and he must exhaust his administrative remedies prior to seeking relief in this Court. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."). Petitioner's argument that his release is imminent does not excuse him from satisfying the exhaustion requirement. *Roux v. California Dep't of Corr.*, No. 3:98-CV-794 CAL, 1998 WL 34366587 at *1 (N.D. Cal. March 31, 1998). Even if the Court were to excuse Petitioner's failure to exhaust, the Court would first give Respondent the opportunity to respond to the petition before making any ruling on the merits of Petitioner's claim. *See* R. Governing 2254 Petitions in the U.S. District Courts 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Such briefing and a decision on the merits from this Court would not be concluded before July 16, 2021. Moreover, because Petitioner has been given a chance to file a timely appeal, his stated claim that he did not receive due process when he was prevented from filing a timely appeal is now moot.

Accordingly, it is **RECOMMENDED** that the Petition (Doc. No. 1) be dismissed as unexhausted and moot.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     June 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE